IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JEREMY WILLIAMS, #259 450, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 2:21-CV-94-WHA-SRW |
| | ) [WO] |
| SGT. B. MOORE, et al., | ) |
| | ) |
| Defendants. | ) |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

### I. INTRODUCTION

Plaintiff, an inmate incarcerated at the Limestone Correctional Facility, filed this 42 U.S.C. § 1983 action on February 2, 2021. He alleges that the conditions to which he was subjected during his intake and while he waited for an open cell upon his transfer to Limestone on December 30, 2020, violated his Eighth Amendment right to be free from cruel and usual punishment. Plaintiff names as defendants Sergeants B. Moore and Ray; Lieutenants Bright, Mile, Brown, and L.J.; and Captain Pickens. Doc. 1.

The Limestone Correctional Facility is in Harvest, Alabama. Harvest, Alabama, is located within the jurisdiction of the United States District Court for the Northern District of Alabama. Upon review of the complaint, the court concludes that this case should be transferred to the United States District Court for the Northern District of Alabama under 28 U.S.C. § 1404.[1]

---

[1] Plaintiff has submitted an application for leave to proceed *in forma pauperis*. Doc. 2. The court finds that assessment and collection of any filing fee should be undertaken by the United States District Court for the Northern District of Alabama.

## II. DISCUSSION

A 42 U.S.C. § 1983 "action may be brought in – (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . .; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b). The law further provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district . . . where it might have been brought . . ." 28 U.S.C. § 1404(a).

The Limestone Correctional Facility is located within the jurisdiction of the United States District Court for the Northern District of Alabama. The actions about which Plaintiff complains occurred at a correctional institution located in the Northern District of Alabama, and it appears that most material witnesses and evidence relevant to Plaintiff's allegations are in the Northern District of Alabama.

In light of the foregoing and in accordance with applicable federal law, the court concludes that, in the interest of justice, this case should be transferred to the United States District Court for the Northern District of Alabama for review and disposition.[2]

## III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge this case be TRANSFERRED to the United States District Court for the Northern District of Alabama under 28 U.S.C. § 1404(a).

---

[2]In recommending transfer of this case, the court makes no determination with respect to the merits of the claims presented in the complaint.

**On or before March 3, 2021,** Plaintiff may file an objection to the Recommendation. Any objection must specifically identify the findings in the Recommendation to which Plaintiff objects. Frivolous, conclusive or general objections will not be considered by the District Court. This Recommendation is not a final order and, therefore, it is not appealable.

Failure to file a written objection to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE on this the 17th day of February, 2021.

/s/ Susan Russ Walker
Susan Russ Walker
United States Magistrate Judge